UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>MORGREEN SOLAR SOLUTIONS, LLC; )<br>DARRIN GREEN; VAUGHN INDUSTRIES, )<br>LLC, )<br>*Defendants*. ) | CA No. 5:17-CV-365-FL |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Charles Prescott ("Plaintiff") by and through his undersigned counsel and pursuant to L.R. 7.2, respectfully submits this brief in support of his Motion for Entry of Default Judgment against MorGreen Solar Solutions, LLC and Darrin Green ("Defendants").

### STATEMENT OF THE FACTS

On July 21, 2017, Plaintiff filed a collective/class action complaint in the Eastern District of North Carolina against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). (*See* Dkt.1). On August 2, 2017 and August 23, 2017, Plaintiff served Defendants Darrin Green and MorGreen Solar Solutions, LLC, respectively, with copies of the summons pursuant to Fed. R. Civ. P. 4(e)(2)(a) and (c), by a person specially appointed for that purpose, as well as by U.S. Certified Mail with Return Receipt. On August 8, 2017 and September 12, 2017, Plaintiff filed the Affidavits of

Service of process with the Court using the CM/ECF system (*See* Dkts. 7 and 15; *see also* Ex. A ¶ 3).

Defendants Darrin Green and MorGreen Solar Solutions, LLC have "failed to plead or otherwise respond" in this lawsuit, and an entry of default was entered on March 16, 2018 by Clerk of Court Peter A. Moore, Jr pursuant to Fed. R. Civ. P. 55(a). (*See* Dkt. 44.).

## QUESTION PRESENTED

Whether default judgment should be entered against Defendants Darrin Green and MorGreen Solar Solutions for failure to answer or otherwise respond to the Complaint within the time period allowed?

## ARGUMENT

Following entry of default under Rule 55(a) of the Federal Rules of Civil Procedure, courts "must enter judgment for th[e] amount and costs [due] against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" under Rule 55(b)(1), provided that "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," supported by "an affidavit showing the amount due."

Here, summonses were personally delivered to each Defendant by a person specially appointed for that task and U.S. Certified Mail with Return Receipt (*See* Dkts. 7 and 15). These documents were signed by Defendants Darrin Green and MorGreen Solar Solutions, LLC on the day they were served. (*See* Ex. A ¶ 3). Further, the Clerk of Court has already entered default against Defendants Darrin Green and MorGreen Solar Solutions, LLC. (*See* Dkt. 44). Defendants Darrin Green and MorGreen Solar Solutions, LLC have not requested that the Court set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). Accordingly, the Court should enter default judgment against Defendants Darrin Green and MorGreen Solar Solutions, LLC.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant his motion for entry of default against Defendants in the amount of $266,613.60[1] for named and opt-in Plaintiffs.

Dated: March 26, 2018

Respectfully submitted by:

/s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez, (NCSB No. 36812)
Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*

---

[1] This amount reflects a reduction from the original $338,303.61 total amount in Plaintiffs' unpaid wages. *See* Ex A, a chart for individual amounts owed to each Plaintiff and opt-in plaintiff. Following a settlement agreement reached between Plaintiffs and Defendant Vaughn Industries, an amount of $89,338.25 was applied toward the unpaid wages. Thus, an outstanding balance amount of $248,965.36 in unpaid wages remains. Additionally, attorneys' fees and costs totaling $17,648.24 also remains after applying Defendant Vaughn's payment of $49,166.66 toward the fees and costs. As a result, Plaintiff respectfully requests that the Court grant his motion for entry of default judgment against Defendants MorGreen and Darrin Green in the total amount of $266,613.60.

# CERTIFICATE OF SERVICE

I hereby certify that March 26, 2018, I electronically filed the foregoing true and accurate copy of the **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** with the Court using the CM/ECF system, which will send notification of such filing to the following:

Kerry A. Shad, N.C. State Bar No. 18410
Patrick D. Lawler, N.C. State Bar No. 47882
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: kshad@smithlaw.com
Email: plawler@smithlaw.com

*Attorneys for Defendant Vaughn*


David E. Dean, N.C. State Bar No. 50091
HERITAGE LAW FIRM
615 S. College St., 9th Floor
Charlotte, North Carolina 28202
Telephone: (704) 233-3550
Facsimile: (704) 234-6598
Email: David.Dean@Heritage-Legal.com

*Attorney for Defendants MorGreen Solar Solutions, LLC and Darrin Green*

 

Respectfully submitted by:

/s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez, (NCSB No. 36812)
Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513

Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*