IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No.: 5:17-cv-365 |
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; and VAUGHN INDUSTRIES, LLC, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## DECLARATION OF GILDA A. HERNANDEZ

I, Gilda A. Hernandez, hereby declare as follows:

1. I am an attorney licensed to practice law in the Eastern District of North Carolina. I represent Plaintiff Charles Prescott ("Plaintiff") and the opt-in Plaintiffs in the above-captioned action. I make this declaration upon personal knowledge.

2. This collective/class action was commenced by Plaintiff against Defendants MorGreen Solar Solutions, LLC; Darrin Green; and Vaughn Industries, LLC ("Defendants") on July 21, 2017.

3. On August 2, 2017 and August 23, 2017, and pursuant to Fed. R. Civ. P. 4(e)(2)(a) and (c), copies of the summons were delivered by U.S. Certified Mail with Return Receipt to Defendant Darrin Green and by a person specially appointed for that purpose to Defendant MorGreen Solar Solutions, LLC. On August 8, 2017 and September 12, 2017, Plaintiff's counsel filed the Affidavits of Service the Court using the CM/ECF system.

4. An Answer to Plaintiff's Complaint by Defendant Darrin Green was due on August 23, 2017, and by Defendant MorGreen Solar Solutions, LLC on September 13, 2017, pursuant to

Rule 4(d)(3) of the Federal Rules of Civil Procedure.

5. Defendants Darrin Green and MorGreen Solar Solutions, LLC have failed to plead or otherwise respond to Plaintiff's Complaint within the period allowed, nor have they requested an extension of time to respond.

6. On August 25, 2017, Defendant Darrin Green e-mailed Plaintiff's counsel to give his choice of mediator, but did not respond to any further correspondence.

7. Defendants are neither infants, incompetent people, nor members of the military service of the United States.

8. I have advised and represented Plaintiff and opt-in Plaintiffs ("Plaintiffs"), in connection with the above-captioned action.

9. The services performed for or on behalf of Plaintiffs in this action involved conferences and interviews; drafting and preparation of pleadings, affidavits, exhibits and other documents; legal and factual research; and preparing for and attending a mediation.

10. After discussing with each Plaintiff his or her rate of pay, best estimate of weekly hours worked, and their number of weeks worked, I calculate that the total amount owed to all Plaintiffs comes to approximately $338,303.61. However, since Defendant Vaughn Industries, LLC has already reached a settlement agreement with Plaintiffs, an amount of $89,338.25 has been allocated for Plaintiffs' unpaid wages. This amount has been applied toward the $338,303.61. Thus, Defendants Darrin Green and MorGreen Solar Solutions, LLC are liable for an outstanding balance of $248,965.36 relating to Plaintiffs' unpaid wages.

11. My Firm total fees and expenses for the prosecution of the case are $66,814.90. The fees include 64.5 hours of attorney work at the rate $595.00 per hour, 20.2 hours of attorney work at the rate of $300.00 per hour, 93.1 hours of paralegal work at the rate of $190.00 per hour,

and 6.7 hours of paralegal work at the rate of $110.00 per hour.  The total expenses in the case are $655.15.  However, since Defendant Vaughn Industries, LLC has already reached a settlement agreement with Plaintiffs, an amount of $49,166.66 has been applied toward the $66,814.90 in fees and expenses.  Thus, Defendants Darrin Green and MorGreen Solar Solutions, LLC are liable for an outstanding balance of $17,648.24 relating to the attorneys' fees and expenses incurred in pursuing Plaintiffs' unpaid wages.

12. The fees charged herein are those customarily charged in this area for the same or similar services by attorneys with similar experience, reputation, and ability, considering the nature of the controversy.  These rates have been approved by other federal courts in North Carolina.

FURTHER THE AFFIANT SAYETH NOT,

I declare under penalty of perjury that the foregoing is true and correct.

March 26, 2018

By: /s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com