IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-365-FL

| | | |
|---|---|---|
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; VAUGHN INDUSTRIES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on joint motion for approval of settlement filed by plaintiffs, consisting of Charles Prescott and others who request approval of individually executed settlement agreements, and defendant Vaughn Industries, LLC ("Vaughn"). (DE 49). For reasons noted, the court holds the motion in abeyance pending further briefing from the parties.

## BACKGROUND

According to the complaint, plaintiffs worked for defendants manually installing solar panels in Wilson, North Carolina from approximately November 2016, until January 14, 2017. Plaintiffs filed complaint in this court July 21, 2017, claiming defendants misclassified them as independent contractors, willfully failed to remit compensation for all hours worked, willfully failed to remit required overtime pay, and violated statutory record-keeping requirements. Count one alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 ("FLSA"), and plaintiffs proceed on that claim in the posture of a proposed FLSA collective action. See 29 U.S.C. § 216(b). Count

two alleges violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.6, .7, & .13 ("state law claims"), and plaintiffs proceed on that claim in the posture of a putative class under Federal Rule of Civil Procedure 23. The court has granted neither conditional certification of plaintiffs' proposed FLSA collective action nor certification of plaintiffs' putative class action.

Defendant Vaughn answered plaintiffs' complaint September 28, 2017, (DE 17). Defendant Green and MorGreen did not answer plaintiffs' claims, and the deadline to do so has elapsed. The clerk granted plaintiffs' motion for entry of default on plaintiffs' claims against defendants Green and MorGreen March 16, 2018. (DE 44). Plaintiffs' subsequent motion for default judgment, filed March 26, 2018, remains pending. (DE 46).

Simultaneously with its answer, defendant Vaughn initiated counterclaim against opt-in plaintiff John Crisco ("Crisco") and crossclaims against defendants Darrin Green ("Green") and MorGreen Solar Solutions, LLC ("MorGreen"). (DE 17). No party has answered Vaughn's claims, and the deadline to do so has elapsed. Vaughn's motion for entry of default on its crossclaims against defendants Green and MorGreen, filed March 15, 2018, remains pending. (DE 39). Vaughn does not now seek entry of default on its counterclaim against plaintiff Crisco.

On January 16, 2018, plaintiffs and defendant Vaughn gave notice of settlement following mediation. (DE 23). These parties filed the instant motion for settlement approval March 30, 2018. (DE 48). Where the court has granted certification of neither any FLSA collective action nor Rule 23 class action, the parties now seek bulk approval of 35 individually executed settlement agreements, (see DE 49-1–35), and, in addition, the parties seek approval of outstanding individually executed settlement agreements not lodged on the docket. (See DE 48-1 n.1; DE 49 n.1). In support of the instant motion, the parties rely on the 35 individually executed agreements lodged on the

2

docket. The parties have submitted no other evidence.

## DISCUSSION

A. State Law Claims

As noted, plaintiffs proceed on their state law claims as a putative class under Federal Rule of Civil Procedure 23. After class certification is granted, Rule 23(e) requires, before approving settlement, that the court give notice to class members, hold a hearing to determine whether the settlement is fair, reasonable, and adequate; and give opportunity to class members to object to the settlement or opt out of the class. Fed. R. Civ. P. 23(e). This inquiry under Rule 23(e) "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individuals claims by a compromise." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623 (1997).

Here, however, class certification has not been granted, and, with one exception,[1] neither the individually executed settlement agreements nor the parties' proposed order purports to bind absent potential class members. (See DE 48-1; DE 49-1–35). Therefore, approval of these documents will not prejudice the rights of absent potential class members. See Amchem, 521 U.S. at 623. Accordingly, the court will not withhold approval based upon Rule 23(e) concerns.

---

[1] Paragraph 12 of the parties' proposed order, as written, states "The Court hereby dismisses all claims of Plaintiffs in this matter as they related to defendant Vaughn . . ." (DE 48-1 ¶ 12). Unlike the parties' proposals at paragraphs 13 and 14, which are limited to "Plaintiffs who submitted an individually-executed settlement agreements . . ." (DE 48-1 ¶ 13), paragraph 12 arguably may be read to dismiss claims of absent potential plaintiffs. Accordingly, the parties are directed to submit a revised proposed order that limits the scope of paragraph 12 to plaintiffs who have submitted individually executed settlement agreements. The parties may include any other revisions they deem appropriate in light of this order.

B.     FLSA Claims

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." Taylor v. Progress Energy, Inc., 493 F.3d 454, 459 (4th Cir. 2007). The court's duty to scrutinize a settlement agreement ensures that any settlement does not simply effect waiver of plaintiffs FLSA rights. See id. at 459–60 (noting that "allowing below-minimum pay through settlement discounts would permit an employer to evade the FLSA and gain an unfair competitive advantage"); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1946). Accordingly, the court will approve an FLSA settlement only if it represents "a fair and reasonable resolution of a bona fide dispute over the FLSA provisions." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1355 (11th Cir. 1982); Duprey v. Scotts Co. LLC, 30 F.Supp.3d 404, 407-408 (D.M.D. 2014) ("Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores.").

A number of district courts in the Fourth Circuit have held, in published orders, that to determine whether a settlement is fair and reasonable, the court should consider "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." Duprey, 30 F.Supp.3d at 409; Patel v. Barot, 15 F.Supp.3d 648, 655-56 (E.D.V.A. 2014) (same); Irvine v. Destination Wild Dunes Mgmt., Inc., 204 F.Supp.3d 846, 849 (D.S.C. 2016) (same).

Here, the pleadings and the parties' recitation of disagreement about substantive liability, set forth in joint memorandum in support of the instant motion, establish existence of a bona fide dispute. See Lynn's Food Stores, 679 F.2d at 1355. However, where the joint motion is not supported by any evidence or explanation of how settlement amounts were calculated, the court is without sufficient information to hold that the settlement amounts are fair and reasonable. Specifically, the extent of discovery; the complexity, expense, and likely duration of the litigation; experience of counsel; and the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery are not disclosed by the evidence of record. See Duprey, 30 F.Supp.3d at 409. Indeed, parties' memorandum in support of the instant joint motion does not address the six factors noted in Duprey, Patel, and Irvine. (DE 49 at 4-5). Accordingly, the parties are directed to file within 14 days hereof a supplemental memorandum addressing the six factors noted in Duprey, Patel, and Irvine with any representations of fact supported by citation to affidavits or other evidence, as appropriate.

Finally, with deference to the court's duty to supervise any FLSA settlement agreement, Taylor, 493 F.3d at 459, the court will approve a settlement agreement only after reviewing it to determine whether it is reasonable. Accordingly, the court will approve outstanding individually executed settlement agreements, (see DE 48-1 n.1; DE 49 n.1), only if lodged on the docket or upon provision by the parties of some formula, supported by proper evidence in light of factors described in Duprey, Patel, and Irvine, specifying how those outstanding settlements are calculated.

## CONCLUSION

For the foregoing reasons, the instant motion, (DE 48), is HELD IN ABEYANCE until further notice. The parties are DIRECTED to submit a revised proposed order modifying paragraph

12 as noted in footnote one of this order. The parties are DIRECTED to submit a supplemental memorandum addressing factors identified above, with any representations of fact supported by citation to affidavits or other evidence, as appropriate. Said revised proposed order and supplemental memorandum are due within 14 days hereof.

SO ORDERED, this the 6th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge