N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 5:17-cv-365

| | |
|---|---|
| CHARLES PRESCOTT, on behalf of himself and all other similarly situated persons,<br>Plaintiff,<br><br>v.<br><br>MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; and VAUGHN INDUSTRIES, LLC,<br><br>Defendants. | **JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT** |

Plaintiff Charles Prescott, on behalf of himself and all other similarly situated persons (collectively "Plaintiffs") and Defendant Vaughn Industries, LLC ("Vaughn") (collectively "the Parties") jointly file this supplemental memorandum in support of their motion for approval of 36[1] settlement agreements, requesting that the Court approve the Parties' settlement agreements and dismiss Plaintiffs' claims against Vaughn with prejudice, in light of the Court's directive that the parties address additional factors in a supplemental brief. (*See* Dkt. No. 50.) This supplemental memorandum is based upon the Settlement Agreements filed with the Court, *see supra* FN 1, the Declaration of Gilda Adriana Hernandez, attached hereto as Exhibit 2, the Curriculum Vitae of The Law Offices of Gila A. Hernandez, PLLC, attached hereto as Exhibit 3, and all the files and proceedings herein.

## I. <u>The Settlement Reached is Fair and Reasonable.</u>

In reviewing a proposed settlement agreement under the FLSA, a district court should

[1] While the parties attached 35 fully executed settlement agreements on behalf of Named and Opt-in Plaintiffs and Defendant Vaughn with their memorandum in support of their motion for approval of settlement, (*see* Dkt. 49), the single remaining settlement agreement is attached hereto as Exhibit 1.

"scrutiniz[e] the settlement for fairness" and determine whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). District courts within the Fourth Circuit have held that to determine whether a settlement is fair and reasonable, district courts should consider "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014); *Patel v. Barot*, 15 F. Supp. 3d 648, 655-56 (E.D.V.A. 2014) (same); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (same).

In this matter, as provided below, the six factors discussed in *Duprey*, *Patel*, and *Irvine* all support a showing that the proposed settlement is fair and reasonable.

**1. <u>The Extent of Discovery that has Taken Place.</u>**

In assessing the first factor, the *Duprey* court held that "although formal discovery has not commenced, the parties represent that they have engaged in informal discovery . . . . By avoiding formal discovery, resources that otherwise would have been consumed by the litigation were made available for settlement, and the risk and uncertainties for both parties were reduced." *Duprey*, 30 F. Supp. 3d at 409. Ultimately, the appropriate question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin*, 391 F.3d 516, 537 (3d Cir. 2004).

In this matter, after Named Plaintiff filed his Complaint, which alleged that Defendant Vaughn was a joint employer of Plaintiffs, and after Defendant Vaughn filed its Answer, the parties engaged in extensive good faith settlement negotiations, addressing the issues of damages

and joint employer liability. *See* Ex. 2 ¶¶ 11, 13, 17, 19. The parties therein shared documentation, statements from opt-in plaintiffs, and arguments as to their positions. *See id.* ¶ 19. Thereafter, in anticipation of the parties' January 11, 2018 mediation, Plaintiffs' counsel reviewed damage calculations, communicated with Named Plaintiff regarding mediation and all relevant claims; conducted extensive legal research regarding the misclassification of Plaintiffs as independent contractors, unpaid promised wages, including overtime and per diem, and the joint employment theory of liability against Defendant Vaughn; and drafted a demand letter for Defendant Vaughn and mediation statement for Kenneth Carlson. *See id.* ¶ 21. The parties then took part in a 10-hour mediation, which ended at nearly 7:00 p.m. and during which a plethora of documentation was exchanged. *See id.* ¶¶ 22-23. Accordingly, given the parties' thorough review and analysis of the matter during informal discovery and mediation, this factor weighs in favor of approving the proposed settlement.

**2. The Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation.**

In assessing the second factor, the *Irvine* court provided that a district court must "determine whether proceedings have progressed to a stage 'sufficient to permit the parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that [trial] would be a difficult and costly undertaking.'" *Irvine*, 204 F. Supp. 3d at 849-850 (citation omitted). The *Duprey* court found that a case was sufficiently complex because of the steps required in calculating the plaintiff's overtime damages. *See Duprey*, 30 F. Supp. 3d at 409.

In this matter, as provided above, the parties engaged in extensive informal discovery prior to and during mediation. Additionally, Plaintiff's counsel conducted in-depth interviews of the majority of Named and Opt-in Plaintiffs prior to and following the filing of the Complaint;

collected and reviewed payroll documentation, as provided by some Plaintiffs, including, but not limited to, investigative reports and documents from the North Carolina Department of Labor ("NCDOL"), to determine the extent of their investigation of Defendants and overall investigative findings; and, following the in-depth interviews conducted with Named and Opt-in Plaintiffs, utilized that information and performed thorough and complex calculations to determine the damages for each opt-in plaintiff in this action. *See* Ex. 2 ¶ 27, Plaintiff's Damages Calculations.[2] Further, with respect to the likely duration of the litigation, the parties believe that if they proceeded with the instant class/collective action, including through bifurcated discovery, dispositive motions, trial, and potentially appeal, the action could have lasted years, and doing so would have posed substantial risks. *See* Ex. 2 ¶ 26. Accordingly, this factor weighs in favor of approving the proposed settlement.

**3. <u>The Absence of Fraud or Collusion in the Settlement.</u>**

As stated by the *Irvine* court, "[a]bsent any evidence of fraud or collusion, the Court presumes none occurred." *Irvine*, 204 F. Supp. 3d at 850. Likewise, "[w]here negotiations are conducted at arms-length and in the presence of both counsel and an experienced mediator, there is a presumption that the settlement they achieved meets the requirements of due process." *See Matthews v. Cloud 10 Corp.*, No. 3:14-cv-00646, 2015 U.S. Dist. LEXIS 114586, at *4 (W.D.N.C. Aug. 27, 2015).

---

[2] As demonstrated in Plaintiff's Damages Calculations, attached to Ex. 2, damages were calculated by first multiplying each plaintiff's average hours worked per week by their regular rate of pay for non-overtime hours worked (forty or less hours), and by one and one-half times their regular rate of pay for overtime hours worked (greater than forty hours). That sum was then multiplied by the number of unpaid weeks worked by each plaintiff. Next, any promised per diem amounts owed were added to that figure, resulting in the calculation of total actual damages for each plaintiff. After arriving at the total actual damages for each plaintiff, interest at a rate of 8% was added, and that sum was doubled to account for liquidated damages, resulting in the calculation of total amounts due under the FLSA and NCWHA for each plaintiff, assuming liquidated damages would be awarded.

In this matter, while the parties initially engaged in direct settlement negotiations, the parties were not able to resolve the matter, and thus, required the assistance of a highly- regarded and experienced mediator such as Ken Carlson. The proposed settlement was reached via arms-length negotiations, conducted in the presence of counsel, and with the assistance of a neutral and experienced third-party mediator. *See* Ex. 2 ¶ 28. There is no evidence whatsoever of any coercion, collusion, or any other improper dealing that would lead to a finding that the negotiations were in any way unfair. *See id.* ¶ 29. Accordingly, this factor weighs in favor of approving the proposed settlement.

**4. <u>The Experience of Counsel Who Have Represented the Plaintiffs.</u>**

With respect to the fourth factor, according to the *Patel* court, the extent of counsel's experience, and whether counsel has experience litigating FLSA claims, in particular, support approving a proposed settlement. *See Patel*, 15 F. Supp. 3d at 656.

In this action, counsel who represented Plaintiffs have extensive experience litigating wage and hour actions, pursuant to the FLSA and NCWHA, on a class/collective basis. *See generally* Ex. 2 ¶¶ 4-9. As thoroughly explained in the Declaration of Gilda Adriana Hernandez and the Curriculum Vitae of Plaintiffs' counsel's law firm, attached hereto as Exhibits 1 and 2, Plaintiff's counsel have enjoyed a great deal of success prosecuting wage and hour class/collective actions, and have been appointed class counsel in numerous cases, both within this jurisdiction and nationwide, based on that experience. *See generally id.*; Ex. 3. Accordingly, this factor weighs in favor of approving the proposed settlement.

**5. <u>The Opinions of Counsel.</u>**

In assessing the fifth factor, the *Irvine* court afforded some weight to the opinion of the plaintiffs' counsel, as exhibited by their submission of the motion for approval, and by the approval of the settlement by the plaintiffs, in determining fairness and reasonableness. *See*

*Irvine*, 204 F. Supp. 3d at 850.

In this matter, Plaintiffs' counsel believe, in their experience, as noted above, that the proposed settlement is both fair and reasonable. *See* Ex. 2 ¶ 27. Plaintiffs' counsel have received overwhelmingly positive responses from the Named and Opt-in Plaintiffs regarding their settlement amounts, and they are pleased with the results and the timeframe in which such results have been achieved. *See id.* Plaintiffs' counsel further believes that the proposed settlement is in the best interest of Plaintiffs, particularly in light of the substantial risks of continued litigation, and the fact that Plaintiffs will continue efforts to prosecute their claims against Defendants Darrin Green and MorGreen, potentially enabling them to recover additional damages in this action. *See id.* Accordingly, this factor weighs in favor of approving the proposed settlement.

**6. <u>The Probability of Plaintiffs' Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery.</u>**

In reviewing a proposed settlement, courts weigh "the immediacy and certainty of substantial settlement proceedings against the risks inherent in continued litigation." *Brunson v. Louisiana-Pac. Corp.*, 818 F. Supp. 2d 922, 926 (D.S.C. 2011). Settlement offers relief and certainty, while, "[i]n contrast, continued litigation risks the possibility of little or no recovery." *Id.* Further, "[i]t is not . . . to be assumed that a settlement is unfair or unreasonable because . . . the settlement may only amount to a fraction of the potential recovery." *In re A.H. Robins Co.*, 880 F.2d 709, 748 (4th Cir. 1989).

In this matter, although Plaintiffs believe their case is strong, they recognize that it is subject to considerable risk. *See* Ex. 2 ¶ 30. Among other things, Plaintiffs recognize the risk of not prevailing on the issue of Defendant Vaughn's joint employment of Plaintiffs. *See id.* Unfortunately, the risk of losing on this issue, after years of litigation, and if no resolution could be reached with Defendants MorGreen or if they were not financially viable, could preclude

Plaintiffs from recovering *anything*. *See id.* Similarly, the risk of obtaining collective/class certification, and maintaining it through trial, is also present. *See id.* ¶ 31. The Court has not certified or conditionally certified this matter yet, and Plaintiffs anticipate that such a determination would be reached only after intense, exhaustive briefing, and would face uncertainty. *See id.* There is also no guarantee that the Court will award liquidated damages in this matter. *See id.* As such, while the proposed settlement represents approximately 57% of *actual* damages against *all* Defendants in this matter,[3] the fact that the proposed settlement is only with Defendant Vaughn, Plaintiffs' putative joint employer, enables Plaintiffs to continue to pursue their claims against, and seek *additional* damages from, Defendants Darrin Green and MorGreen *See id.* ¶ 32. Plaintiffs are confident that, in light of the inherent risks in proceeding with litigation, and the fact that they will continue to pursue their claims against Defendants Darrin Green and MorGreen, their probability of success, and the amount of the settlement in relation to the potential recovery, render this settlement fair and equitable. *See id.* ¶ 33.

## II. Conclusion

For the reasons discussed above, Plaintiffs and Vaughn respectfully request that this Court enter an Order approving the settlements and dismissing Plaintiffs' claims against Vaughn with prejudice.

Respectfully submitted this April 13, 2018.

| /s/ *Gilda Adriana Hernandez*<br>Gilda A. Hernandez, (NCSB No. 36812)<br>Michael B. Cohen (NCSB No. 50629)<br>**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**<br>1020 Southhill Drive, Ste. 130<br>Cary, NC 27513 | /s/ *Kerry A. Shad*<br>Kerry A. Shad, N.C. State Bar No. 18410<br>Patrick D. Lawler, N.C. State Bar No. 27882<br>**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP**<br>Post Office Box 2611 |
|---|---|

[3] The proposed settlement also represents approximately 26% of the potential recovery for *total* damages against *all* Defendants, including liquidated damages and interest. *See id.* ¶ 32. However, as stated, there is a risk that liquidated damages would not be awarded in this matter. *See id.* ¶ 31.

| Telephone: (919) 741-8693<br>Facsimile: (919) 869-1853<br>ghernandez@gildahernandezlaw.com<br>mcohen@gildahernandezlaw.com<br>*Attorneys for Plaintiffs* | Raleigh, North Carolina 27602-2611<br>Telephone: (919) 821-1220<br>Facsimile: (919) 821-6800<br>Email:  kshad@smithlaw.com<br>Email:  plawler@smithlaw.com<br>*Attorneys for Vaughn Industries, LLC* |
| --- | --- |

## CERTIFICATE OF SERVICE

I hereby certify that April 13, 2018, I electronically filed the foregoing true and accurate copy of the **JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT** with the Court using the CM/ECF system, which will send notification of such filing to the following:

Kerry A. Shad, N.C. State Bar No. 18410
Patrick D. Lawler, N.C. State Bar No. 47882
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: kshad@smithlaw.com
Email: plawler@smithlaw.com

*Attorneys for Defendant Vaughn*

David E. Dean, N.C. State Bar No. 50091
HERITAGE LAW FIRM
615 S. College St., 9th Floor
Charlotte, North Carolina 28202
Telephone: (704) 233-3550
Facsimile: (704) 234-6598
Email: David.Dean@Heritage-Legal.com

*Attorney for Defendants MorGreen Solar Solutions, LLC and Darrin Green*

Respectfully submitted by:

/s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez, (NCSB No. 36812)
Michael B. Cohen (NCSB No. 50629)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693

Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com

*Attorneys for Plaintiff*