# EXHIBIT 1

**Fully Executed Individual Settlement Agreement of Robert Williams**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 5:17-cv-365

| | | |
|---|---|---|
| CHARLES PRESCOTT, on behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; and VAUGHN INDUSTRIES, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE |

Defendants.

This Confidential Settlement Agreement and General Release (hereinafter referred to as "Agreement") is entered into this 28 day of 3 , 2018, between opt-in plaintiff **Robert Williams** ("Plaintiff **Williams**") and defendant Vaughn Industries, LLC ("Defendant Vaughn") (hereinafter collectively referred to as the "Parties") concerning a dispute set out more fully herein and in the Complaint filed by Charles Prescott, on behalf of himself and all other similarly situated persons ("Plaintiffs"), in Charles Prescott v. MorGreen Solar Solutions, LLC; Darrin Green; and Vaughn Industries, LLC, No. 5:17-cv-365, now pending in the United States District Court, Eastern District of North Carolina (the "Lawsuit").

Plaintiff Charles Prescott and Defendant Vaughn stipulated and agreed that during a mediated settlement conference held on January 11, 2018 in Raleigh, North Carolina, they agreed to a full and final settlement of all claims asserted in this case, as between these Parties. In consideration of the settlement of the aforementioned disputes, the Parties hereby agree and covenant as follows:

1.    **Consideration.** In consideration for the execution of this Agreement and to avoid the continued cost of litigation, Defendant Vaughn agrees to pay to Plaintiff **Williams** the gross amount of **Thirty Seven Dollars and Sixty Five Cents ($37.65)** in compromise settlement of his claims against Defendant Vaughn.[61] The gross settlement amount will

---

[61]The parties will ask the Court to appoint a Settlement Administrator of Plaintiff's counsel's choosing, to carry out certain duties, including: (i) establishing and maintaining a Qualified Settlement Fund ("QSF"); (ii) obtaining a taxpayer ID for the QSF and opening a checking account for the settlement fund; (iii) transferring monies from the QSF as necessary; (iv) printing and mailing settlement checks to the individuals reflected on the individually-executed settlement agreements; (v) handling stop payment/reissue check requests; (vi) following up on undeliverable settlement checks; (vii) escheating non-negotiated checks to the appropriate state agency, to the extent required by applicable law; (viii) calculating and transmitting payment of Defendant Vaughn's portion of taxes on settlement payments, including but not limited to all FICA and FUTA taxes on settlement payments; (ix) performing all tax reporting duties and

be allocated as follows:

(a)  The gross sum of **Eighteen Dollars and Eighty Three Cents ($18.83)**, less lawful deductions, will be paid to Plaintiff **Williams** in compromise settlement of Plaintiff **Williams**'s alleged unpaid wages. This payment shall be reported to the IRS as wages on a W-2 form. This portion of the settlement payment allocated to claims of unpaid wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens.

(b)  The gross sum of **Eighteen Dollars and Eighty Two Cents ($18.82)**, will be paid to Plaintiff **Williams** in compromise settlement of Plaintiff **Williams**'s claims for alleged liquidated damages and any other non-wage damages. This payment shall be reported to the IRS by issuance of a Form 1099.

(c)  Plaintiff **Williams**'s pro rata share of forty-nine thousand one-hundred sixty-six dollars and sixty-six cents ($49,166.66), which is the gross amount of attorneys' fees and costs to be paid for the representation of all opt-in and putative plaintiffs, and which is one-third of the total gross settlement, will be paid to The Law Offices of Gilda A. Hernandez, PLLC.

(d)  The consideration under Section 1 will be mailed to RG/2 Claims Administration, located at 30 South 17th Street, 5th Floor, Philadelphia, PA 19103, who, in turn, will process checks consistent with Section 1.

Plaintiff **Williams** acknowledges and agrees that he/she is solely responsible for any and all additional federal, state and local taxes that may be due from the settlement sum, whether it is determined that any additional taxes are owed based on the taxation laws in effect on the date of execution of this Agreement or that may become due at any time in the future because of a change to the laws governing the taxation of such settlement proceeds. Plaintiff **Williams** expressly acknowledges and agrees that he/she is relying upon his/her own legal and/or tax advisors, and not upon Defendant Vaughn or its attorneys, with respect to any tax aspects of this Agreement. In the event that any federal, state, or local taxing authority asserts any claim for liability, including, but not limited to, unpaid taxes, failure to withhold taxes, penalties, interest, or other sums that may become due to any taxing authority based upon the terms of this Agreement, both parties will be responsible for their respective tax liability.

Defendant Vaughn agrees to make the settlement payments to the Settlement Administrator within fourteen (14) days of the Court's Order approving the instant Agreement, after which Plaintiffs shall file with the Court a voluntary dismissal with prejudice of all claims by Plaintiff **Williams** against Defendant Vaughn in the Lawsuit. Defendant Vaughn shall pay its portion of taxes on settlement payments within fourteen (14) days of receiving a final accounting

filings required by federal, state, or local law; and (x) transmitting payment of Plaintiffs' attorneys' fees and expenses to Plaintiffs' counsel.
The fees, expenses and costs associated with the Settlement Administrator's administration of this settlement shall be paid by Plaintiffs' counsel, from the fees and expenses consistent with Section 1(c) above.

from the Settlement Administrator.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff **Williams** understands and agrees that Plaintiff **Williams** would not receive the monies and/or benefits specified in Section 1 above, except for Plaintiff **Williams**'s execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.** Plaintiff **Williams**, in consideration of this Agreement, and with the intent of binding himself/herself, his/her heirs, personal representatives, administrators, successors, and assigns, hereby releases, acquits and forever discharges Defendant Vaughn and its officers, directors, agents, affiliates, owners, employees, subsidiaries, parents, predecessors, successors, partners, related companies, insurers, representatives and attorneys (collectively the "Released Parties")[62] from any and all claims, charges, or demands, in law or in equity, whether known or unknown, which may have existed or which may now exist from the beginning of Plaintiff **Williams**'s employment with or engagement by Defendant Vaughn and/or its subcontractors, to the date of this Agreement, including, without limitation, any claims Plaintiff **Williams** may have arising from or relating to Plaintiff **Williams**'s employment or engagement or separation from employment with or engagement by Defendant Vaughn, a release of any rights or claims Plaintiff **Williams** may have under Title VII of the Civil Rights Act of 1964, as amended, (which prohibits discrimination in employment based upon race, color, sex, religion and national origin); the Age Discrimination in Employment Act of 1967, as amended (which prohibits age discrimination in employment); the North Carolina Wage and Hour Act; the North Carolina Equal Employment Protection Act; the Americans with Disabilities Act of 1990, as amended (which prohibits discrimination based upon disability); the Fair Labor Standards Act ("FLSA"); the Equal Pay Act of 1963, as amended; the Genetic Information and Non-Disclosure Act ("GINA"), or any other federal, state, or local statute, or common law relating to employment, wages, hours, or any other terms and conditions of employment. This includes a release by Plaintiff **Williams** of any claims for wrongful discharge, breach of contract, torts, any and all rights to or claims for compensation or any other claims that in any way relate to Plaintiff **Williams**'s employment with or engagement by Defendant Vaughn. Nothing in this paragraph shall release either of the parties from their obligations pursuant to this Agreement or release any claims for breach or alleged breach of this Agreement.

4. **Joint Motion for Court Approval of Settlement.** Upon complete execution of this Agreement, or within fourteen (14) business days thereof, the Parties agree that Defendant Vaughn's counsel will cause to be filed with the Court a Joint Motion for Court Approval of Settlement, the content of which will be drafted by Defendant Vaughn's counsel and mutually agreed by the Parties in good faith. Should the Court not approve the settlement, the Parties agree that they will have forfeited no rights.

5. **Acknowledgements and Affirmations.** Plaintiff **Williams** affirms that Plaintiff **Williams** has not filed, caused to be filed, or presently is a party to any claim against Defendant Vaughn, except for the Lawsuit referenced above. As of the date of execution, Plaintiff **Williams** affirms that he/she has not divulged any proprietary or confidential information of

---

[62] For purposes of this Release of Claims, MorGreen Solar Solutions, LLC and Darrin Green shall not be considered Defendant Vaughn's agents, affiliates, related companies, or parties otherwise deemed "Released Parties," as defined herein.

Defendant Vaughn and will continue to maintain the confidentiality of such information consistent with Defendant Vaughn's policies and Plaintiff **Williams**'s agreement(s) with Defendant Vaughn and/or common law.

6. **Limited Disclosure.** The Parties acknowledge that settlement of claims brought pursuant to the Fair Labor Standards Act requires approval by the Court and that the Court requires that this Agreement be part of the record for the Lawsuit. However, the Parties and their respective attorneys' and representatives agree not to publicize the terms of this Agreement to any newspaper, magazine, radio or television station and that any mention of this lawsuit or settlement on Plaintiffs' counsel's publications, social media or website shall not specifically identify Vaughn as a party to the lawsuit or this Agreement or describe Vaughn in such a way as its identity could be determined.

Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Parties' accountants, auditors, financial advisors, spouse, attorneys, tax authorities, or to any regulatory agency or court when required by law or court order to do so. Plaintiff **Williams** may also disclose the terms of this Agreement to any federal, state or local government agency as required by law.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of North Carolina without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties pertaining to the Lawsuit and the claims asserted therein. Plaintiff **Williams** acknowledges that he has not relied on any representations, promises, or agreements of any kind made in connection with Plaintiff **Williams**'s decision to accept this Agreement, except for those stated in this Agreement.

PLAINTIFF WILLIAMS HAS BEEN PROVIDED A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF WILLIAMS HAS READ AND FULLY CONSIDERED THIS AGREEMENT AND THE RELEASE LANGUAGE HEREIN AND DESIRES TO ENTER INTO THIS AGREEMENT. PLAINTIFF WILLIAMS HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND RELEASE.

PLAINTIFF WILLIAMS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS, INCLUDING BUT NOT LIMITED TO CLAIMS RELATING TO WAGE AND HOUR VIOLATIONS HE/SHE BROUGHT IN THE ACTION OR COULD HAVE BROUGHT IN THE ACTION.

**ROBERT WILLIAMS**

Signed: _Robert Williams_

Date: _3/28/2018_

**VAUGHN INDUSTRIES, LLC**

Signed: _Matthew Plotts_

Printed _Matthew Plotts_

Title: _President_

Date: _4-9-18_