# EXHIBIT 2

**Declaration of Gilda A. Hernandez in Support of the Parties' Joint Motion for Final Approval of Settlement**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 5:17-cv-365

| | |
|---|---|
| CHARLES PRESCOTT, on behalf of himself and all other similarly situated persons, | ) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; and VAUGHN INDUSTRIES, LLC, | ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DECLARATION OF GILDA ADRIANA HERNANDEZ IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

I, Gilda Adriana Hernandez, declare as follows:

1.      I am an attorney in good standing, duly licensed and admitted to the North Carolina Bar.   I am an attorney with the Law Offices of Gilda A. Hernandez, PLLC ("GAH").   The testimony set forth in this Declaration is based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so.

2.      I provide this Declaration for the purpose of describing the work completed by my firm in this action and to address the following factors:  (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

### *Educational Background*

3.      I graduated from the University of Illinois, Chicago with a B.A. in Criminal Justice and received my Juris Doctor degree from Southwestern University School of Law, Los Angeles, California.

### *The Experience of Counsel Who Have Represented the Plaintiffs*

4.      In 1997, I started my wage and hour career as a United States Department of Labor, Wage and Hour ("USDOL-WHD") official, enforcing and administering wage and hour laws pursuant to the Fair Labor Standards Act ("FLSA"); Family Medical Leave Act ("FMLA"); Davis Bacon Act ("DBA"); and Service Contracts Act ("SCA").    As a USDOL-WHD official, I investigated employers to determine their compliance with all relevant wage and hour laws, regarding overtime, minimum wage, prevailing wages, child labor, misclassification of salaried employees, and H-1(B) issues, in addition to, providing employers with guidance on achieving and maintaining compliance.  As part of my investigative duties, I conducted in-depth interviews of current and former employees, reviewed employers' payroll records and interviewed employers, calculated complex damages calculations for thousands of employees, and discussed findings with employers, including, but not limited to relevant statutes, provisions of the regulations, violations, how to rectify violations, including the payment of back wages and how to maintain prospective compliance.   In 2003, I interned with the United States Department of Labor –Solicitor of Labor, where I conducted legal research on relevant wage and hour laws and advised Regional Solicitors of Labor on whether cases were suitable for wage and hour litigation.

5.      Since 2008, I have worked in private practice, representing employees exclusively in collective/class action litigation for primarily alleged violations of the FLSA and relevant state wage and hour laws.   Since that time, I have represented thousands of workers and recovered millions of dollars in both nationwide and local actions.   In 2011, I tried the first of its kind,

2

NCHWA wage and hour class action in Mecklenburg County, obtaining a verdict on behalf of a class of janitorial workers who were not paid for all of their pre and post shift activities and travel time, resulting in actual and liquidated damages, pre-judgement interest, and attorneys' fees and costs.

6.     GAH is counsel for the named and opt-in Plaintiffs in this action.  Our firm represents plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour.

7.     Plaintiff's counsel have substantial experience in prosecuting and settling wage and hour collective/class actions, and are well-versed in wage and hour law and class action law.

8.     Given the substantial experience in prosecuting wage and hour class and collective actions, I have been appointed class counsel based on that experience.  *See Tomkins v. Amedisys, Inc.,* No. 3:12cv1082 (WWE), 2014 U.S. Dist. LEXIS 3660 (D. Conn. Jan. 13, 2014) (represented over 2500 clinicians in a nationwide action involving in excess of 35 states; settlement approved for $8 million in 2016); *Rindfleisch v. Gentiva Health Services, Inc.,* No. 1:10-cv-3288-SCJ, 2011 U.S. Dist. LEXIS 57949 (N.D. Ga. Apr. 13, 2011) (represented initially over 1,000 clinicians in a nationwide collective action in over thirty states; settlement approved for $3.3 million in 2017); *(Velasquez-Monterrosa v. Mi Casita Rests.,* No. 5:14CV448-BO, 2016 U.S. Dist. LEXIS 56089 (E.D.N.C. Sept. 26, 2017) (represented over 200 restaurant employees across 27 North Carolina restaurant locations; settlement approved for $2.7 million in 2017); *Alfaro Zelaya v. A+ Tires, Brakes, Lubes, & Mufflers, Inc*., No. 5:13CV810-F, 2015 U.S. Dist. LEXIS 1320225 (E.D.N.C. Sep. 28, 2015) ("named plaintiffs are also represented by competent and qualified counsel. Counsel has extensive experience litigating similar matters, including other wage and hour suits in North Carolina") (affecting over 200 workers); *McLaurin v. Prestage Foods Inc.,* 271 F.R.D.

465, 479 (E.D.N.C. 2010) ("Prestage does not dispute that counsel for [p]laintiffs have sufficient experience to represent a class, and the court finds that plaintiffs' counsel possess the necessary qualifications….Gilda A. Hernandez shall serve as counsel for the class") (affecting approximately 1,800 class members); *See Mitchell v. Smithfield Packing Co*., 2011 U.S. Dist. LEXIS 108974, *10 (E.D.N.C. 2011)[1] ("…….Gilda Hernandez [who is] capable trial counsel with substantial experience in complex civil litigation, including class action lawsuits"); *Horne v. Smithfield Packing Co*., 2011 U.S. Dist. LEXIS 108978, *10 (E.D.N.C. 2011) ("The court finds that Ms. Hernandez ….will fairly and adequately represent the interests of the class"); *Romero v. Mountaire Farms Inc*., 796 F. Supp. 2d 700, 715 (E.D.N.C. 2011) ("Mountaire does not dispute that counsel for plaintiffs have sufficient experience to represent a class, and the court finds that plaintiffs' counsel possess the necessary qualifications") (affecting approximately 10,000 poultry processing employees); *Guerrero et al v. Pro Klean, Inc*., CA No.09CVS29529 (Mecklenburg County, Superior Ct. 2012) ("Ms. Hernandez has specialized experience in the field of wage and hour law.").

9.      In addition to actively litigating, I have also been involved in many educational and legal groups, including the American Bar Association, National Employment Lawyers Association, the National Employment Law Project, the North Carolina Advocates for Justice, and the North Carolina Bar Association.   Moreover, in addition to authoring articles on a variety of wage and hour and collective/class action litigation-related subjects, I have lectured on various FLSA and NCWHA topics, including collective/class action litigation at meetings, conferences, and CLE programs sponsored by the National Employment Lawyers Association, the North Carolina Bar Association, and the North Carolina Advocates for Justice.

---

[1]Smithfield cases affected collectively, approximately 3,500 Class Members.

4

_**Plaintiff's Initial Investigation of Potential Claims**_

10. Prior to and following the filing of Named Plaintiff's Complaint, Plaintiffs' counsel conducted in-depth interviews with each of the named and opt-in Plaintiffs, for a total of about thirty (30) Plaintiffs, to determine the hours that they individually worked, the number of weeks that they worked for which they were not paid, their rate of pay, approximately how many hours they worked per day and/or per week, whether they were paid their promised per diem, and other information relevant to their claims and those of other putative plaintiffs, to compute damage calculations. Through the Freedom of Information Act, ("FOIA"), Plaintiffs' counsel also contacted the North Carolina Department of Labor ("NCDOL") to determine the nature of their investigative findings, which led to obtaining and reviewing a substantial number of documents, including, but not limited to, payroll records, investigative reports, and statements from various sources. *Id.*

_**The Litigation, Extent of Discovery, and Settlement Negotiations**_

11. On July 21, 2017, Charles Prescott filed a complaint in the U.S. District Court for the Eastern District of North Carolina. Plaintiff Prescott brought this action individually and as a collective action for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff Prescott alleged that Defendants had a systemic company-wide policy, pattern, or practice of misclassifying their employees as independent contractors, willfully failing to compensate employees for all hours worked, willfully failing to pay employees the statutory minimum wage rate for all hours worked, willfully failing to compensate employees at the appropriate overtime rate for overtime hours worked, and violating statutory record-keeping provisions. (*See* Dkt. No. 1.)

12.    On or about July 24, 2017, Plaintiff effected service of process on Defendant Vaughn.  (*See* Dkt. No. 7 ¶ 1.)  On or about August 2, 2017, Plaintiff effected service on Defendant Darrin Green.  (*See* Dkt. No. 7 ¶ 3.)  On or about August 24, 2017, Plaintiff effected service on Defendant MorGreen.  (*See* Dkt. No. 15 ¶ 1.)

13.    Plaintiffs assert that Vaughn is a joint employer of Plaintiffs along with co-defendants MorGreen Solar Solutions, LLC and Darrin Green.  (*See* Dkt. No. 1, ¶ 15.)

14.    On these grounds, named Plaintiff sought to recover on his behalf, as well as on behalf of those similarly situated, unpaid wages, overtime pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

15.    On August 14, 2017, Defendant Vaughn filed its First Unopposed Motion for Extension of Time, after conferring with counsel for the Plaintiffs, requesting its first thirty (30) day extension, up to and including September 13, 2017, to answer, respond, or otherwise respond to Plaintiff's Complaint. (*See* Dkt. No. 10.)   On August 16, 2017, the Court granted Defendant Vaughn's requested extension.  (*See* August 16, 2017 Text Order.)

16.    On September 13, 2017, Defendant Vaughn filed its Second Unopposed Motion for Extension of Time, up to and including, fifteen days through September 28, 2017, to answer, respond, or otherwise respond to Plaintiff's Complaint.   (*See* Dkt. No. 16.)  On September 13, 2017, the Court granted Defendant Vaughn's requested extension.  (*See* September 13, 2017 Text Order.)

17.     On September 28, 2017, Vaughn filed its Answer and asserted three cross-claims for breach of contract, indemnification and contribution against co-defendants MorGreen Solar Solutions, LLC and Darrin Green, and counter-claims for breach of contract, indemnification and contribution against putative opt-in plaintiff John Crisco.  (*See* Dkt. No. 17.)

18.     On October 17, 2017, Plaintiff filed his First Unopposed Motion for Extension of Time, up to and including, October 27, 2017, to respond to Defendant Vaughn's counter-claims against opt-in Plaintiff John Crisco. (*See* Dkt. No. 18.)   On October 18, 2017, the Court granted the requested extension. (*See* October 18, 2017 Text Order.)

19.     On October 25, 2017, Plaintiff filed his Second Unopposed Motion for Extension of Time, up to and including, November 26, 2017, to respond to Defendant Vaughn's counter-claims against opt-in Plaintiff John Crisco.   During this time, the parties were engaging in good faith settlement negotiations, addressing Plaintiffs' damages and Plaintiffs' position on Defendant Vaughn's joint employer liability.   Specifically, Plaintiff's counsel shared damages of named, opt-in and putative Plaintiffs' damages and redacted statements from over a dozen opt-in Plaintiffs regarding Defendant Vaughn's potential joint employer liability.   (*See* Dkt. No. 19.) On October 25, 2017, the Court granted the requested extension. (*See* Dkt. No. 20.)

20.     On November 21, 2017, Plaintiff filed his Third Unopposed Motion for Extension of Time, up to and including January 25, 2018, to respond to Defendant Vaughn's counter-claims against opt-in Plaintiff John Crisco. (*See* Dkt. No. 21.)   While the parties had been engaging in direct settlement negotiations, the parties agreed that the assistance of a mediator could be more effective in reaching a resolution in this matter.   As such, the parties retained Kenneth Carlson and scheduled mediation on January 11, 2018.   On November 22, 2017, the Court granted the requested extension. (*See* Dkt. No. 22.)

21.     In anticipation of the Parties' January 11, 2018 mediation, Plaintiffs' counsel reviewed damage calculations, communicated with named plaintiff regarding mediation and all relevant claims; conducted extensive legal research regarding the misclassification of Plaintiffs as independent contractors, unpaid promised wages, including overtime and per diem, joint

employment theory of liability against Defendant Vaughn; and drafted a demand letter for Defendant Vaughn and a mediation statement for Kenneth Carlson.

22. On January 11, 2018, the Parties had a 10-hour mediation, which ended at nearly 7 p.m. With the assistance of the mediator, Mr. Carlson, and the participation of counsel for the Parties, Named and opt-in Plaintiffs Charles Prescott and Malcom White, respectively, and Defendants' in-house counsel, David Andrew, the Parties engaged in a productive mediation and despite numerous challenges, the Parties were able to resolve the matter.

23. On January 16, 2018, following an exchange and review of extensive documentation and several months of direct settlement negotiations and mediation, the parties reached a mutually agreeable settlement of the Litigation, and filed a joint notice to advise the Court that the parties had reached a settlement agreement to resolve named and opt in Plaintiffs' claims under the FLSA and pursuant to the NCWHA. (*See* Dkt. No. 23.)

24. On January 26, 2018, Plaintiff filed his Motion for Entry of Default against Defendants Darrin Green and MorGreen. (*See* Dkt. 27.) On March 16, 2018, the Clerk of Court, granted Plaintiff's Motion for Entry of Default. (*See* Dkt. 44.)

25. On March 26, 2018, Plaintiff filed his Motion for Entry of Default Judgment against Defendants Darrin Green and MorGreen. (*See* Dkt. 46.) The Court has not yet ruled on Plaintiff's motion.

### *The Stage of the Proceedings, including the Complexity, Expense, and likely Duration of the Litigation*

26. Plaintiff believes the claims asserted in the Litigation have merit under the FLSA and North Carolina law. However, Plaintiff recognizes the cost and delay of continued proceedings necessary to prosecute the instant action against Defendant Vaughn through

bifurcated discovery, dispositive motions, trial, and appeal. Plaintiff has also taken into account the uncertain outcome and the risk of loss in this litigation regarding Defendant Vaughn's joint employer liability, especially in a complex collective/class-action such as this one. Moreover, Plaintiff is still representing all Plaintiffs' interests by continuing the prosecution of their claims against Defendants' Darrin Green and MorGreen.

### *The Opinions of Plaintiffs' Counsel*

27.     Plaintiffs' counsel believes that the settlement set forth in the Parties' Settlement Agreements confers substantial benefit on each one of the named and opt-in Plaintiffs, which resulted in a non-payment of wages of between seven (7) weeks and one-half a day. The damages range between approximately $36.00 and $7000.00. (*See* Plaintiff's Damage Calculations, attached hereto.) Given the overwhelmingly positive response from named and opt-in Plaintiffs' regarding their settlement amounts, they are pleased with the results and the timeframe in which such results have been achieved. As to Defendant Vaughn, Plaintiffs' counsel opines that the settlement is in the best interest of Named and Opt-in Plaintiffs. Furthermore, in light of Plaintiff's efforts to continue prosecuting claims on behalf of all Plaintiffs, against Defendants Darrin Green and MorGreen, Plaintiffs' counsel are hopeful that they will be able to recover additional damages on behalf of the Plaintiffs.

### *The Absence of Fraud or Collusion in the Settlement.*

28.     As described *supra*, the settlement in this matter was reached via arms-length negotiations, conducted in the presence and with the advocacy of counsel, and with the assistance of a neutral and experienced third-party mediator, Kenneth Carlson.

29.     There is no evidence whatsoever of any coercion or collusion or any other improper dealing that would lead to a finding that the negotiations were in any way unfair.

*__The Probability of Plaintiffs' Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery.__*

30.     Although Plaintiffs believe their case is strong, Plaintiffs recognize that it is subject to considerable risk.  Among other things, Plaintiffs recognize the risk of not prevailing on the issue of Defendant Vaughn's joint employment of Plaintiffs.   Unfortunately, the risk of losing on this issue, after years of litigation, and if no settlement could be reached with Defendants MorGreen or if they were not financially viable, could preclude Plaintiffs from recovering anything.  This way, Plaintiffs have recovered *some* portion of their damages *now*, with the added incentive to recover *additional* damages from Defendants MorGreen and Darrin Green in the near future as well.

31.     The risk of obtaining collective/class certification and maintaining it through trial is also present.  The Court has not certified or conditionally certified this matter yet, and Plaintiffs anticipate that such a determination would be reached only after intense, exhaustive briefing, and would face uncertainty.  Additionally, there is no guarantee that the Court would award liquidated damages in this matter.

32.     The amount of the settlement represents approximately 57% of *actual* damages and *without* liquidated damages or interest ($89,338.25 of $155,375.54); alternatively, it represents 26% of the potential recovery for *total* damages, including liquidated damages and interest ($89,338.25 of $338,303.61), which accounts for success on *all* claims, and against *all* Defendants.   However, since the settlement described herein is only with Defendant Vaughn, Plaintiffs' putative joint employer, Plaintiffs will continue to pursue their claims against, and seek additional damages from, Defendants Darrin Green and MorGreen.  The settlement agreements executed by the parties make clear that such claims against Defendants Darrin Green and

MorGreen remain intact. Accordingly, the amount of the settlement does not necessarily reflect the *full* damages to be recovered by Plaintiffs.

33. Plaintiffs are confident that, in light of the inherent risks in proceeding with litigation, and the fact that they will continue to pursue their claims against Defendants Darrin Green and MorGreen, their probability of success, and the amount of the settlement in relation to the potential recovery, render this settlement fair and equitable.

### *Service Awards for named and opt-in Plaintiffs.*

34. Named Plaintiff Charles Prescott and Opt-in Plaintiff, Malcolm White, made important contributions to the prosecution and fair resolution of this case on behalf of opt-in plaintiffs.

35. They assisted Plaintiff's counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties, job location, compensation, and Defendants' recordkeeping and compensation practices and other information relevant to their claims.

36. Named and opt-in Plaintiffs, Charles Prescott and Malcolm White, prepared for and attended the mediation and provided invaluable information to the mediator, Mr. Carlson, which most certainly, facilitated the resolution of this matter. Named and opt-in Plaintiffs also submitted numerous documents during the initial stages of litigation and for the informal discovery between Plaintiffs and Defendant Vaughn.

I declare under penalty of perjury, under 28 U.S.C. § 1746, under the laws of North Carolina that the foregoing is true and correct to the best of my knowledge.

Executed this 13 April 2018

*/s/Gilda Adriana Hernandez*
Gilda Adriana Hernandez NCSB #36812

11

# EXHIBIT

# 2 - A

**_Prescott v. MorGreen Solar Solutions, LLC et al._, CA No.: 5:17-cv-365-FL**
**TOTAL DAMAGES CALCULATIONS : OPT-INS "A"**

| Sum of Hours worked | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name | Hours Average | Rate | Total wks | wks owed | wages owed | Per diem | Total Damages | Interest 0.08 | Damages + Interest *2 |
| Alston, Larry | | | | | | | | | |
| Bailey, Keyanka | 54.20258621 | $ 13.00 | 6 | 4 | 3187.8017 | $ 300.00 | 3487.8017 | 279.0241 | 7533.65172 |
| Baker, Andrea | 65.875 | $ 15.00 | 11 | 7 | 8275.3125 | $ 3,000.00 | 11275.3125 | 902.0250 | 24354.67500 |
| Barnes, David | 51.250 | $ 14.00 | 7 | 2 | 1592.5000 | $ 350.00 | 1942.5000 | 155.4000 | 4195.80000 |
| Blake, Isaiah | 54.000 | $ 14.00 | 5 | 2 | 1708.0000 | $ 250.00 | 1958.0000 | 156.6400 | 4229.28000 |
| Booker, Eric | 54.20258621 | $ 14.00 | 7 | 2.5 | 2145.6358 | $ 350.00 | 2495.6358 | 199.6509 | 5390.57328 |
| Camacho, Alberto | 55.750 | $ 17.00 | 13 | 7 | 7571.3750 | $ 4,150.00 | 11721.3750 | 937.7100 | 25318.17000 |
| Flores, Robert | 64.750 | $ 15.00 | 12 | 5 | 2193.7500 | $ 1,900.00 | 4093.7500 | 327.5000 | 8842.50000 |
| Garner, Antonio | 47.750 | $ 15.00 | 7 | 2.5 | 1935.9375 | $ 560.00 | 2495.9375 | 199.6750 | 5391.22500 |
| Gorman, Jemeal | 54.20258621 | $ 15.00 | 7.81034483 | 3.655172414 | 3361.1437 | $ 390.52 | 3751.6610 | 300.1329 | 8103.58769 |
| Hopkins, David | 47.875 | $ 17.00 | 15 | 13 | 11450.5625 | $ 750.00 | 12200.5625 | 976.0450 | 26353.21500 |
| Johnson, Clayton | 24.500 | $ 15.00 | 6 | 4 | 1005.0000 | $ 1,700.00 | 2705.0000 | 216.4000 | 5842.80000 |
| Johnson, Mikal | 59.125 | $ 15.00 | 0 | 3 | 3090.9375 | $ - | 3090.9375 | 247.2750 | 6676.42500 |
| Jones, Charish | 47.500 | $ 15.00 | 2 | 2 | 1537.5000 | $ 800.00 | 2337.5000 | 187.0000 | 5049.00000 |
| Jones, George | 59.875 | $ 15.00 | 9 | 3 | 3141.5625 | $ 1,500.00 | 4641.5625 | 371.3250 | 10025.77500 |
| Ledford, Mary-Anne | 59.625 | $ 14.00 | 5 | 4 | 3888.5000 | $ 1,550.00 | 5438.5000 | 435.0800 | 11747.16000 |
| Little, Tristan | 46.875 | $ 15.00 | 5 | 2 | 1509.3750 | $ 250.00 | 1759.3750 | 140.7500 | 3800.25000 |
| Locklear, Patrick | 50.375 | $ 14.00 | 5.5 | 4 | 3111.5000 | $ 1,325.00 | 4436.5000 | 354.9200 | 9582.84000 |
| Lorenzo, Noel | 54.20258621 | $ 14.00 | 4 | 1 | 858.2543 | $ 200.00 | 1058.2543 | 84.6603 | 2285.82931 |
| Lynch, Lewis | 56.750 | $ 16.00 | 9 | 5 | 5210.0000 | $ 2,200.00 | 7410.0000 | 592.8000 | 16005.60000 |
| McKoy, Tyrone | 64.000 | $ 15.00 | 9.5 | 6 | 6840.0000 | $ 3,055.00 | 9895.0000 | 791.6000 | 21373.20000 |
| Moore, Darrell | 64.750 | $ 15.00 | 8.5 | 2 | 2313.7500 | $ 3,230.00 | 5543.7500 | 443.5000 | 11974.50000 |
| Petteway, Joe | 51.625 | $ 17.00 | 10 | 2 | 1952.8750 | $ 500.00 | 2452.8750 | 196.2300 | 5298.21000 |
| Pierce, Michael | 60.625 | $ 14.00 | 9 | 3 | 2979.3750 | $ 1,500.00 | 4479.3750 | 358.3500 | 9675.45000 |
| Prescott, Charles | 53.375 | $ 18.00 | 12.5 | 2 | 2162.2500 | $ 1,325.00 | 3487.2500 | 278.9800 | 7532.46000 |
| Scott, Royal | 59.250 | $ 15.00 | 7.5 | 3.5 | 3615.9375 | $ 1,075.00 | 4690.9375 | 375.2750 | 10132.42500 |
| Shaw, Johnny | 51.375 | $ 14.00 | 7 | 2 | 1597.7500 | $ 1,050.00 | 2647.7500 | 211.8200 | 5719.14000 |
| Shearin, Richard | 50.000 | $ 15.00 | 4.5 | 3 | 2475.0000 | $ 570.00 | 3045.0000 | 243.6000 | 6577.20000 |
| Thorp, Jacob | | | | | | | | | |
| White, Malcolm | 48.375 | $ 18.00 | 6 | 2 | 1892.2500 | $ 900.00 | 2792.2500 | 223.3800 | 6031.26000 |
| White, Teresa | 62.875 | $ 18.00 | 11 | 7 | 9363.3750 | $ 3,000.00 | 12363.3750 | 989.0700 | 26704.89000 |
| Whitehead, Lorenza | 56.875 | $ 15.00 | 8 | 4 | 3918.7500 | $ 3,200.00 | 7118.7500 | 569.5000 | 15376.50000 |
| Whitehead, Taranius | 58.875 | $ 15.00 | 5 | 3 | 3074.0625 | $ 750.00 | 3824.0625 | 305.9250 | 8259.97500 |
| Wiggins, Jason | 46.000 | $ 15.00 | 5.5 | 2 | 1470.0000 | $ 625.00 | 2095.0000 | 167.6000 | 4525.20000 |
| Woolard, David | 52.000 | $ 15.00 | 11 | 2 | 1740.0000 | $ 900.00 | 2640.0000 | 211.2000 | 5702.40000 |
| **TOTALS** | | | | | **112170.0230** | **43205.5172** | **155375.5403** | **12430.0432** | **335611.16700** |

| | | |
|---|---|---|
| OPT Ins A | | |
| Actual Damages Wages + Per Diem) | $ 155,375.54 | |
| Interest | $ 12,430.04 | |
| Liquidated Damages | $ 167,805.58 | |
| Attorney's Fees | | |
| Total Damages + Interest & LD | $ 335,611.17 | |
| Total demand | $ 335,611.17 | |

| Additional OPT Ins | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name | Violation Period | Hourly Rate | Unpaid Hours | Back Wages Due | Liquidated Damages | Interest 0.08 | | Total Due |
| Coley, Danny | 1 Week | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ | 142.56 |
| Williams, Robert | 1 Week | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ | 142.56 |

| Additional OPT Ins- Lum Sum Due | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Name | Violation Period | Hourly Rate | Underpayment | Back Wages Due | Liquidated Damages | Interest 0.08 | | Total Due |
| White Akil | 1.25 Months | $ 14.00 | $ 504.00 | $ 504.00 | $ 504.00 | $ 80.64 | $ | 1,088.64 |

| Opt Ins B | |
|---|---|
| Actual Damages | |
| Wages | $ 636.00 |
| Interest | $ 50.88 |
| | |
| Liquidated Damages | $ 686.88 |
| Total demand | $ 1,373.76 |

| Name | Hourly Rate | Unpaid Hours | Back Wages Due | Liquidated Damages | Interest 0.08 | Total Due |
|------|------------|--------------|----------------|--------------------|---------------|-----------|
| | | | | NON OPT INS | | |
| Francis, Steven | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Lynch, Donald | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Richardson, Kelby | $ 14.00 | 5.5 | $ 77.00 | $ 77.00 | $ 12.32 | $ 166.32 |
| Silver, Damian | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Silver, Joseph | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Staton, Kenyata | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Winne, Anthony | $ 12.00 | 5.5 | $ 66.00 | $ 66.00 | $ 10.56 | $ 142.56 |
| Thorp, Jacob | $ 10.00 | 5.5 | $ 55.00 | $ 55.00 | $ 8.80 | $ 118.80 |
| Alston, Larry | $ 15.00 | 5.5 | $ 82.50 | $ 82.50 | $ 13.20 | $ 178.20 |

| Non Opt Ins C | |
|---------------|---|
| Actual Damages Wages | $ 610.50 |
| Interest | $ 48.84 |
| | |
| Liquidated Damages | $ 659.34 |
| Total demand | $ 1,318.68 |

# *Prescott v. MorGreen Solar Solutions, LLC et al.,* CA No.: 5:17-cv-365-FL
## PRO-RATA SETTLEMENT AMOUNT

| OPT Ins A | | |
|---|---|---|
| Actual Damages Wages + Per Diem) | $ | 155,375.54 |
| Interest | $ | 12,430.04 |
| Liquidated Damages | $ | 167,805.58 |
| Total Damages + Interest & LD | $ | 335,611.17 |
| Total demand | $ | 335,611.17 |

| Opt Ins B | | |
|---|---|---|
| Actual Damages Wages | $ | 636.00 |
| Interest | $ | 50.88 |
| Liquidated Damages | $ | 686.88 |
| Total demand | $ | 1,373.76 |

| Non Opt Ins C | | |
|---|---|---|
| Actual Damages Wages | $ | 610.50 |
| Interest | $ | 48.84 |
| Liquidated Damages | $ | 659.34 |
| Total demand | $ | 1,318.68 |

| Total Demand | $ | 338,303.61 |
|---|---|---|
| Settlement Amount | $ | 89,338.25 |
| PRO RATED RATIO | | 0.264077143 |

# *Prescott v. MorGreen Solar Solutions, LLC et al.*, CA No.: 5:17-cv-365-FL
## PLAINTIFFS' PRO-RATED DAMAGES

| Name | Damages + Interest *2 | Reduction Factor | Prorated Amount Due |
|---|---|---|---|
| Alston, Larry | $ | 0.264077143 | $ - |
| Bailey, Keyanka | $ 7,533.65 | 0.264077143 | $ 1,989.47 |
| Baker, Andrea | $ 24,354.68 | 0.264077143 | $ 6,431.51 |
| Barnes, David | $ 4,195.80 | 0.264077143 | $ 1,108.01 |
| Blake, Isaiah | $ 4,229.28 | 0.264077143 | $ 1,116.86 |
| Booker, Eric | $ 5,390.57 | 0.264077143 | $ 1,423.53 |
| Camacho, Alberto | $ 25,318.17 | 0.264077143 | $ 6,685.95 |
| Flores, Robert | $ 8,842.50 | 0.264077143 | $ 2,335.10 |
| Garner, Antonio | $ 5,391.23 | 0.264077143 | $ 1,423.70 |
| Gorman, Jemeal | $ 8,103.59 | 0.264077143 | $ 2,139.97 |
| Hopkins, David | $ 26,353.22 | 0.264077143 | $ 6,959.28 |
| Johnson, Clayton | $ 5,842.80 | 0.264077143 | $ 1,542.95 |
| Johnson, Mikal | $ 6,676.43 | 0.264077143 | $ 1,763.09 |
| Jones, Charish | $ 5,049.00 | 0.264077143 | $ 1,333.33 |
| Jones, George | $ 10,025.78 | 0.264077143 | $ 2,647.58 |
| Ledford, Mary-Anne | $ 11,747.16 | 0.264077143 | $ 3,102.16 |
| Little, Tristan | $ 3,800.25 | 0.264077143 | $ 1,003.56 |
| Locklear, Patrick | $ 9,582.84 | 0.264077143 | $ 2,530.61 |
| Lorenzo, Noel | $ 2,285.83 | 0.264077143 | $ 603.64 |
| Lynch, Lewis | $ 16,005.60 | 0.264077143 | $ 4,226.71 |
| McKoy, Tyrone | $ 21,373.20 | 0.264077143 | $ 5,644.17 |
| Moore, Darrell | $ 11,974.50 | 0.264077143 | $ 3,162.19 |
| Petteway, Joe | $ 5,298.21 | 0.264077143 | $ 1,399.14 |
| Pierce, Michael | $ 9,675.45 | 0.264077143 | $ 2,555.07 |
| Prescott, Charles | $ 7,532.46 | 0.264077143 | $ 1,989.15 |
| Scott, Royal | $ 10,132.43 | 0.264077143 | $ 2,675.74 |
| Shaw, Johnny | $ 5,719.14 | 0.264077143 | $ 1,510.29 |
| Shearin, Richard | $ 6,577.20 | 0.264077143 | $ 1,736.89 |
| Thorp, Jacob | $ | 0.264077143 | $ - |
| White, Malcolm | $ 6,031.26 | 0.264077143 | $ 1,592.72 |
| White, Teresa | $ 26,704.89 | 0.264077143 | $ 7,052.15 |
| Whitehead, Lorenza | $ 15,376.50 | 0.264077143 | $ 4,060.58 |
| Whitehead, Taranius | $ 8,259.98 | 0.264077143 | $ 2,181.27 |
| Wiggins, Jason | $ 4,525.20 | 0.264077143 | $ 1,195.00 |
| Woolard, David | $ 5,702.40 | 0.264077143 | $ 1,505.87 |
| Coley, Danny | $ 142.56 | 0.264077143 | $ 37.65 |
| Williams, Robert | $ 142.56 | 0.264077143 | $ 37.65 |
| White Akil | $ 1,088.64 | 0.264077143 | $ 287.48 |
| Francis, Steven | $ 142.56 | 0.264077143 | $ 37.65 |
| Lynch, Donald | $ 142.56 | 0.264077143 | $ 37.65 |
| Richardson, Kelby | $ 166.32 | 0.264077143 | $ 43.92 |
| Silver, Damian | $ 142.56 | 0.264077143 | $ 37.65 |
| Silver, Joseph | $ 142.56 | 0.264077143 | $ 37.65 |
| Staton, Kenyata | $ 142.56 | 0.264077143 | $ 37.65 |
| Winne, Anthony | $ 142.56 | 0.264077143 | $ 37.65 |
| Thorp, Jacob | $ 118.80 | 0.264077143 | $ 31.37 |
| Alston, Larry | $ 178.20 | 0.264077143 | $ 47.06 |
| TOTAL | $ 338,303.61 | TOTAL | $ 89,338.25 |

**Plaintiffs' damages total $338,303.61**
**Plaintiffs' pro-rated damages total $89,338.25**