IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-365-FL

| | | |
|---|---|---|
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN; VAUGHN INDUSTRIES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |
| VAUGHN INDUSTRIES, LLC, | ) ) | |
| Counter Claimant, | ) ) ) | |
| v. | ) ) | ORDER |
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Counter Defendant. | ) ) | |
| VAUGHN INDUSTRIES, LLC, | ) ) | |
| Cross-Claimant, | ) ) ) | |
| v. | ) ) | |
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN, | ) ) ) | |
| Cross-Defendants. | ) ) | |

| | |
|---|---|
| MORGREEN SOLAR SOLUTIONS, LLC; DARRIN GREEN, | ) ) ) |
| Counter Claimants, | ) ) ) |
| v. | ) ) |
| CHARLES PRESCOTT, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Counter Defendant. | ) ) |

This matter is before the court on cross-claimant Vaughn Industries, LLC's ("Vaughn") motion for entry of default against cross-defendants MorGreen Solar Solutions, LLC ("MorGreen") and Darrin Green ("Green") (collectively, "MorGreen defendants"), (DE 39), and MorGreen defendants' motion to set aside order on plaintiffs' motion for entry of default, (DE 57). Also pending are plaintiffs' and cross-claimant Vaughn's motions to strike MorGreen defendants' answer, (DE 54, DE 59). For the following reasons, the court grants cross-claimant Vaughn's motion for entry of default, denies MorGreen defendants' motion to set aside order on motion for entry of default, and grants plaintiffs' and cross-claimant Vaughn's motions to strike MorGreen defendants' answer.

## STATEMENT OF THE CASE

Plaintiffs filed complaint in this court July 21, 2017, claiming defendants misclassified them as independent contractors, willfully failed to remit compensation for all hours worked, willfully failed to remit required overtime pay, and violated statutory record-keeping requirements. Count one alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 ("FLSA"), and plaintiffs proceed on that claim in the posture of a proposed FLSA collective action. See 29 U.S.C.

2

§ 216(b). Count two alleges violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.6, .7, & .13, and plaintiffs proceed on that claim in the posture of a putative class under Federal Rule of Civil Procedure 23.

Summons was issued as to all defendants, and as relevant here, service of process of plaintiffs' summons and complaint was made on defendant Green on August 2, 2017, (DE 7), and defendant MorGreen by and through defendant Green on August 24, 2017, (DE 15).

Cross-claimant Vaughn answered plaintiffs' complaint September 28, 2017, and initiated cross-claims against MorGreen defendants as well as counterclaims against opt-in plaintiff John Crisco, "who was employed as the Chief Procurement Officer, a Project Manager, and a Field Supervisor" for defendant MorGreen, asserting against all parties claims for breach of contract, contribution, and indemnification. (DE 17 at 19).

No answer having been filed by MorGreen defendants, on January 26, 2018, plaintiffs moved for entry of default against MorGreen defendants, which was granted on March 16, 2018 by the clerk of the court. (DE 27, DE 44). On March 15, 2018, cross-claimant Vaughn filed the instant motion for entry of default on its cross-claims against MorGreen defendants. (DE 39). On March 26, 2018, plaintiff filed motion for default judgment. (DE 46).[1]

During this time period, on March 14, 2018, MorGreen defendants' attorney filed notice of appearance. (DE 34). Without seeking leave of the court, on April 12, 2018, MorGreen defendants filed answer to complaint, asserting 19 affirmative defenses as well as asserting counterclaims against opt-in plaintiffs John Crisco and Kira Crisco ("Criscos"), the latter of whom was previously

---

[1] Plaintiffs' motion for default judgment is currently ripe and also pending before the court. (DE 46). Where it appears cross-claimant Vaughn will file motion for default judgment, the court will take up and address both plaintiffs' and cross-claimant Vaughn's motions for default judgment together under separate order.

3

employed as office manager of defendant MorGreen and is the spouse of John Crisco. (DE 52 at 17, 23). MorGreen defendants bring the following counterclaims against the Criscos: tortious interference with a contract, tortious interference with prospective economic relations, conversion, indemnification, and contribution. (See id.)

Also during this period, on April 17, 2018, the court granted plaintiffs and cross-claimant Vaughn's joint motion for settlement approval, resolving all claims as to those parties, finding that "the settlements followed extensive investigation and negotiation, and was the result of a formal mediation involving vigorous arm's-length settlement discussions and the assistance of an experienced mediator." (DE 56 at 2). The court "dismisse[d] all claims of Plaintiffs who submitted individually executed settlement agreements in this matter, as they relate to Defendant Vaughn only, based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the parties' mediation agreement and individually-executed settlement agreements." (Id. at 5).

Both plaintiffs and cross-claimant Vaughn filed the instant motions to strike MorGreen defendants' answer on April 16, 2018 and April 20, 2018, respectively. (DE 54, DE 59). MorGreen defendants did not file response to the motions to strike, but on April 17, 2018, filed the instant motion to set aside order on motion for entry of default, offering unverified statement that "[d]efendants had consulted with several law firms, none of which were willing and/or able to take them on as clients. Defendants filed an answer with the Court on April 12, 2018, which was as early as they could possibly find counsel." (DE 58 ¶¶ 2-3).

On August 27, 2018, the court issued order, holding the instant motion for default judgment,

4

motions to strike, and motion to set aside entry of default, as well as plaintiffs' motion for entry of default judgment, in abeyance pending further briefing, directing MorGreen defendants to submit further information to the court. More specifically, the court directed MorGreen defendants to file sworn affidavit(s) attesting to the following:

> 1. The date on which MorGreen defendants contacted any lawyer in furtherance of securing representation in this matter and the corresponding date of response of that lawyer or his or her firm to any request for representation (MorGreen defendants need not identify any lawyer or firm by name, but may refer to each by unique identifier such as lawyer or firm 1, lawyer or firm 2, and so on);
>
> 2. What the response was, i.e. was there willingness to represent MorGreen defendants specified upon their satisfaction of financial or other or additional terms by a date certain, and if so identify
>
>> a) Generally the performance term(s) stated on which said agreement to undertake representation rested;
>>
>> b) MorGreen defendants' performance deadline; and
>>
>> c) Whether MorGreen defendants timely satisfied stated performance obligation(s) on which agreement to undertake representation rested; and
>
> 3. Identify any date of communication with counsel for a party to this action undertaken by or on behalf of MorGreen defendants through Darrin Green or any lawyer acting on behalf of MorGreen defendants and the substance of the communication(s), if any.

(DE 66 at 3-4).

In response, MorGreen defendants filed timely affidavit and memorandum, (DE 67, DE 68), in which defendant Green attested as follows:

> Darrin Green, on behalf of himself and Morgreen Solar Solutions, LLC ("Morgreen"), appearing before the undersigned notary and being duly sworn, states as follows:
>
> 1. I am over the age of 21 years, of sound mind, and have personal knowledge of all matters herein.

2.      Law Firm 1 was my representation in a separate matter involving the payroll company we used in the operations of Morgreen in April of 2017. We consulted with this firm regarding the present action shortly after its commencement. Law Firm 1 informed me that he was not admitted in the Eastern District Court and that he did not feel qualified to handle the matter.

3.      Law Firm 2 was contacted approximately October 10, 2017. This attorney informed us that the retainer would be $20,000 for him to even get started. We informed this Firm that at this time we had absolutely no funds available or any means of attaining the funds required by his firm. He then informed us to do nothing because we did not have anything to worry about, since we were a startup company with no assets and that we were protected because of being a LLC.

4.      Law Firm 3 was contact on or about October 12, 2017. This Firm advised us to do nothing as well, since the company had no assets and was informed that I would not be held personally liable because there was nothing done mischievously on my part.

5.      I made several more calls and left messages with multiple Firms, of which I did not receive a response for several days or even at all.

6.      Law Firm 4 was contacted early December of 2017. This firm informed me that this was a matter they were unable to handle and then referred me to a referral site online to find an attorney for this type of matter.

7.      The referral site was visited early January of 2018. I completed the application and several days later, after not receiving a response, I continued looking.

8.      In my search, I found my current attorney, of whom I contacted on February 2, 2018.

9.      In the interim of the above, I diligently searched for an attorney by making phone calls so that I may secure representation as soon as possible. As I was advised by two separate firms that I did not have anything to worry about, I was under the impression that the matter was not time sensitive.

10.     I have only spoken with Counsel for Vaughn Industries on one occasion.

(DE 67 at 1-2).

Plaintiffs and cross-claimant Vaughn filed responses in opposition. (DE 69, DE 70).

## STATEMENT OF THE FACTS

The court summarizes briefly the facts alleged in plaintiffs' complaint and cross-claimant Vaughn's answer and cross-claims as relevant to the resolution of the instant motions.

Cross-claimant Vaughn provides renewable energy services as a contractor throughout the State of North Carolina, as well as in several other states, specializing in the installation of solar fields or farms. (Compl. (DE 1) ¶ 37). Defendant Green founded and holds a majority ownership stake in defendant MorGreen. (Id. ¶ 38). Defendant MorGreen, a subcontractor who performed construction services on cross-claimant Vaughn's behalf, contracted exclusively with cross-claimant Vaughn throughout defendant MorGreen's existence. (Id. ¶¶ 38, 40). Plaintiffs worked for defendants, manually installing solar panels in Wilson, North Carolina from approximately November 2016, until January 14, 2017 ("Wilson Project"). (Id. ¶ 24).

Plaintiffs allege that defendants "had a systemic company-wide policy, pattern, or practice of misclassifying their employees as independent contractors, willfully failing to compensate employees for all hours worked, willfully failing to pay employees the statutory minimum wage rate for all hours worked, willfully failing to compensate employees at the appropriate overtime rate for overtime hours worked, and violating statutory record-keeping provisions." (Id. ¶ 1).

Cross-claimant Vaughn alleges that Vaughn and MorGreen defendants entered into a subcontract agreement on November 1, 2016, wherein MorGreen defendants agreed in part

- "to provide labor, materials, equipment and services necessary to perform work regarding a solar panel installation project in Wilson, North Carolina";

- "be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating and supervising all portions of the Work under the Subcontract and shall be responsible for the acts and omissions of Subcontractor's employees, subcontractors and their agents and employees and for all applicable

- employer taxes, benefits and insurance";

- "comply with all applicable laws, ordinances, rules, regulations, and orders of any public authority . . . including without limitation . . . prevailing wages";

- "be liable to [Vaughn] for all damages, fines, penalties, costs and expenses incurred by [Vaughn] resulting from [MorGreen defendants] failure to comply with such Laws";

- "that all monies received [from Vaughn] shall first be used for the payment of all labor and materials used in the Work"; and

- to indemnify and hold harmless Vaughn "from and against any and all claims, damages, losses and expenses . . . arising out of or resulting from: (i) any breach or default of [Cross-Claim Defendants] in performance of its obligations under the Subcontract."

(DE 17 at 14-16).

## DISCUSSION

A.   MorGreen Defendants' Motion to Set Aside Entry of Default

Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." The court may set aside entry of default upon a showing of good cause. See Fed. R. Civ. P. 55(c). When deciding whether to set aside default, a district court should consider factors such as whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the adversary party, whether there is a history of dilatory action, and the availability of sanctions less drastic than entry of default. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 205 (4th Cir. 2006) (hereinafter, the "Payne factors"). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover

8

Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

Regarding the first Payne factor, in determining whether there is a meritorious defense for purposes of setting aside a default, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party," or which would establish a valid counterclaim. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir.1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . .").

MorGreen defendants have filed answer, asserting affirmative defenses and counterclaims, and brief memorandum and supplemental memorandum in support of defendants' motion to set aside entry of default, as well as defendant Green's affidavit, included in full above. Within these lean filings, MorGreen defendants only argument concerning a meritorious defense is the following statement: "Defendant has a meritorious defense, as referenced in his Answer to all claims against him." (DE 68 at 2).

This argument is insufficient. In the limited filings made by MorGreen defendants currently before the court, no argument or evidence is offered as to whether these defendants have a meritorious defense.

Even if the court were to consider MorGreen's answer and counter claims as sufficient "presentation or proffer of evidence," the court finds no meritorious defense there as well. In MorGreen defendants' answer, beyond general denials and boiler-plate language regarding potentially applicable defenses, MorGreen defendants appear to assert, without explanation, that they were not "employers" of plaintiffs and, in their counterclaims, allege that the Criscos "made

9

an initial investment in Morgreen" of approximately $30,000.00 and, before the Wilson Project was completed on or about December 2, 2016, and "without authorization from Morgreen[,] withdrew funds from the business account of Morgreen causing the business to not be able to pay expenses," including paying the subcontractors. (DE 52 at 19, 24). Thus, it appears MorGreen defendants do not dispute plaintiffs' primary argument that plaintiffs were not adequately paid, arguing only that plaintiffs were not paid because MorGreen defendants had inadequate money in order to do so.

These allegations may assert a viable claim against the Criscos regarding an agreement between MorGreen defendants and the Criscos, an agreement that is not currently before the court, or in tort regarding the Criscos alleged behavior. However, even taking these allegations as true, these allegations do not establish a valid counterclaim to plaintiffs' claims in this case, that from November 2016 to January 14, 2017, MorGreen defendants and cross-claimant Vaughn misclassified plaintiffs as independent contractors, willfully failed to remit compensation for all hours worked, willfully failed to remit required overtime pay, and violated statutory record-keeping requirements.[2]

Accordingly, MorGreen defendants have failed to articulate any meritorious defense.

Regarding the next Payne factor, MorGreen defendants did not act promptly. Whether a party has acted with reasonable promptness to set aside entry of default must be determined "in light of the facts and circumstances of each occasion . . . ." Moradi, 673 F.2d at 727. In this particular case, MorGreen defendants' attorney filed notice of appearance two days before plaintiffs' motion for entry of default was granted and then waited roughly one month to file answer, without leave of

---

[2] Nor do these allegations establish a valid cross-claim as to cross-claimant Vaughn, where cross-claimant Vaughn assert that MorGreen defendants breached the subcontract agreement entered into by those parties, provisions of which provide a basis for claims for indemnification and contribution against MorGreen defendants.

10

the court, and file motion to set aside entry of default. However, even though inexplicable, the delay at issue is roughly one month, and therefore the court finds MorGreen defendants lack of promptness was of minor consequence. Compare Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 (4th Cir. 1974) ("Defendants waited almost four months after receiving notice of the default judgments before filing their motions to vacate. They provide no satisfactory explanation for this delay"); with Augusta Fiberglass Coatings, Inc., 843 F.2d at 812 (finding that there was "little doubt" as to the promptness of the defendant's motion to set aside default judgment when the defendant moved for relief within two weeks of the entry of the judgment); see also Burton v. The TJX Companies, Inc., No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (collecting cases, stating "[d]istrict courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside.").

Turning to the next Payne factor, the court considers whether the delay in responding was the fault of the party or the party's attorney. Where a party bears personal responsibility for a delay in responsive pleadings such that default is entered against it, the party "must adequately defend its conduct in order to show excusable neglect." Augusta Fiberglass Coatings, Inc., 843 F.2d at 811. For example, a party's neglect is inexcusable when that party intentionally makes itself unavailable for months during the pendency of a suit in hopes of avoiding judicial consequences, Home Port Rentals, Inc. v. Ruben, 957 F.2d 126 (4th Cir. 1992), or inexplicably loses the summons and complaint after service, Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987).

11

Defendant Green is in part personally responsible.[3] First, there is no dispute that MorGreen defendants personally received complaint and summons in August of 2017 and immediately thereafter contacted plaintiffs' counsel regarding a potential mediator.[4] Following sending that one email, however, defendant Green made no further contact with plaintiffs and did not file anything with the court until April 12, 2018, roughly seven and a half months later.

Additionally, cross-claimant Vaughn has provided the court with information that the court requested from MorGreen defendants, which MorGreen defendants failed to provide. Cross-claimant Vaughn's general counsel has submitted affidavit, stating that in Fall of 2017 he made several attempts to contact defendant Green, that on January 9, 2018 he spoke with someone identifying himself as defendant Green, and the following information was exchanged:

> I identified myself as counsel for Vaughn and asked if he was aware that a lawsuit had been filed by former employees of his company against him and Morgreen Solar Solutions. Mr. Green replied that he was aware of the lawsuit. I asked whether he was represented by an attorney. Mr. Green responded that he was not, but that he was working on getting one. I asked who that attorney was. Mr. Green replied that he could not remember the attorney's name or the name of the firm. I told Mr. Green that it was extremely important for him to get an attorney because this case was moving forward and a judgment for more than $400,000 could be entered against him. Mr. Green said it did not matter as his company was out of business and had no assets. I told him that he was being sued personally and that any judgment could potentially be entered against him personally.

(DE 69-1).

Although defendant Green asserts he "diligently searched for an attorney," from April 2017

---

[3] As stated above, the court recognizes that it does not appear defendant Green is solely responsible. MorGreen defendants's attorney filed notice of appearance two days before plaintiffs' motion for entry of default was granted, although MorGreen defendants did not move to set aside that entry for roughly a month.

[4] Plaintiffs have submitted email documentation that on August 25, 2017, defendant Green emailed plaintiffs' counsel stating only "In reference to the list of mediators, I would like to choose Steven Dunn in Charlotte, NC," to which plaintiffs' counsel responded "Mr. Green, Are you represented by counsel? If so, please advise immediately." (DE 28-4). The court additionally notes that although the court directed defendant Green to discuss this communication, affidavit submitted by defendant Green makes no mention of this interaction. (See DE 67 at 1-2).

12

to February 2018, (DE 67 at 1-2), this assertion is not plausible. MorGreen defendants argue that "Defendant was advised to not act by other Firms," which "rises to the level of excusable neglect and good cause for said neglect." (DE 68 at 2). It is unlikely that two law firms instructed defendant Green to do nothing in response to federal complaint being filed against <u>both</u> him <u>and</u> his former company and that none of the allegedly numerous lawyers contacted by defendant Green would have advised him, at the least, to appear pro se, if defendant Green was unable to afford an attorney. However, even assuming the two law firms so instructed, as stated above, cross-claimant Vaughn's counsel informed defendant Green of his potential liability on January 9, 2018. Given the information provided by plaintiff and cross-claimant Vaughn, it appears defendant Green was aware of this lawsuit and his potential liability, inconsistent with his assertions that he was "under the impression that the matter was not time sensitive." (DE 67 at 2). Defendant Green's personal responsibility for entry of default weighs against setting aside that entry.

Turning to prejudice to the parties, plaintiffs argue that because defendant Morgreen is no longer in operation and defendant Green has made clear there are no available resources, (<u>see</u> DE 67 ¶ 1), "all corporate representatives, resources, and other helpful evidence will be impossible to gather and reconstruct, and this will impede Plaintiff's ability to engage in meaningful discovery or litigation proceedings," (DE 70 at 6). Additionally, "Plaintiff and Defendant Vaughn have worked diligently over the course of several months, to engage in good faith negotiations and ultimately reach a resolution that benefitted Plaintiffs (which may have been impacted if Morgreen Defendants were active in this action)." (DE 61 at 4).

Under the circumstances of this case, both plaintiff and cross-claimant Vaughn would be prejudiced by the court setting aside entry of default after approval of plaintiff and cross-claimant

13

Vaughn's settlement has occurred, where "the settlements followed extensive investigation and negotiation, and was the result of a formal mediation involving vigorous arm's-length settlement discussions and the assistance of an experienced mediator," (DE 56 at 2), and where defendant MorGreen is no longer in operation, see, e.g., Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992) (finding "[t]here was also substantial evidence to support the district court's determination that Home Port would be prejudiced if the default judgment were vacated," including that "[b]y the time Ruben's motion to vacate was filed, IYG had ceased operations and at least two of the defendants could not be found.")

Next, there is significant history of dilatory action. As already stated, plaintiffs filed complaint in this court July 21, 2017, and service of process was made on MorGreen defendants in August 2017. Notwithstanding, MorGreen defendants did not contact current counsel until February 2, 2018, who did not file an appearance until March 14, 2018, who then waited until April 12, 2018, to file answer to plaintiffs' complaint and cross-claimant Vaughn's cross-claims.

The court additionally notes in assessing whether good cause exists, that the court directed MorGreen defendant to file sworn affidavit(s) attesting to the occasions where they contacted any lawyer in furtherance of securing representation, including dates of correspondence to and from counsel/firm and any required performance and subsequent compliance to undertake representation, as well as identifying the dates of any communication with counsel for a party to this action. Despite this directive, defendants' supplemental response failed to provide all the information requested. Defendants omitted dates that supposed communications with potential counsel occurred and the details regarding representation, including performance terms, defendants' performance deadline, or whether defendants timely satisfied performance obligations. Additionally, while

14

defendant Green claims to have spoken only with counsel for cross-claimant Vaughn, excluding emailed communications with plaintiffs' counsel, no substance or dates of communications were provided. (DE 67).

Turning to the final factor, although MorGreen defendants offer no alternatives, the court recognizes that there are less drastic alternatives to entry of default favored in this circuit. See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) ("The attorney, for example, could have been charged with all costs and expenses attendant to the delay, including attorneys' fees, or even held in contempt of court."). However, even noting the Fourth Circuit's "policy in favor of merits-based adjudication" and disfavor of default judgment, Colleton Preparatory Acad., 616 F.3d at 418, the availability of less drastic alternatives to entry of default is not sufficient to set aside default where no other Payne factor weighs in favor of so doing.[5]

Accordingly, the court denies MorGreen defendants' motion to set aside default.

B.    Cross-Claimant Vaughn's Motion for Entry of Default

Cross-claimant Vaughn moves for entry of default as to their cross-claims against MorGreen defendants, which MorGreen defendants oppose for presumably the same reasons asserted in their motion to set aside default entered as to plaintiffs' claims. For the same reasons stated above, the court finds MorGreen defendants' opposition to entry to default as to cross-claimant Vaughn's cross-claims unavailing.[6]

---

[5] MorGreen defendants argue that "if the Court finds that Defendant has not shown good cause or excusable neglect, default judgment should not be entered and the matter should be heard on its merits," citing to Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 252 (4th Cir. 1967), wherein the court found the district court did not abuse its discretion in allowing evidentiary hearings although the entry of default was not set aside. (DE 68 at 2). For all the reasons stated above, the court declines to so order.

[6] The court's assessment of the Payne factors with regard to plaintiffs and cross-claimant Vaughn is the same excepting factor two, whether MorGreen defendants acted promptly. Here, entry of default as to cross-claimant Vaughn's cross-claims has not yet been entered. However, because the court found this factor with regard to plaintiffs

15

Accordingly, the court grants cross-claimant Vaughn's motion for entry of default.

C.  Plaintiffs' and Cross-Claimant Vaughn's Motions to Strike Answer

In parallel to seeking entry of default against MorGreen defendants, both plaintiffs and cross-claimant Vaughn have moved to strike MorGreen defendants' answer as untimely. MorGreen defendants were served with summons and complaint in August 2017 and filed answer on April 12, 2018, roughly seven and a half months later. Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Given the untimeliness of MorGreen defendants' answer and the court's holding regarding entry of default against MorGreen defendants, the court grants the motions to strike answer.

## CONCLUSION

Based on the foregoing, the court GRANTS cross-claimant Vaughn's motion for entry of default (DE 39), GRANTS plaintiffs' motion to strike answer (DE 54), DENIES MorGreen defendants' motion to set aside order on motion for entry of default (DE 57), and GRANTS cross-claimant Vaughn's motion to strike answer (DE 59).

SO ORDERED, this the 29th day of November, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

---

was of minor consequence, that this factor is of even less consequence with regard to cross-claimant Vaughn does not impact the court's overall assessment. No one Payne factor is dispositive. See Colleton Prep. Acad., Inc., 616 F.3d at 420.